# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHELL LARA,<br><br>                    Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY as Indenture Trustee for American Home Mortgage Investment Trust 2005-2, Mortgage-backed Notes, Series 2005-2; U.S. FINANCIAL, L.P.; and DOES 1–10 inclusive,<br><br>                    Defendants. | CASE No. 12-cv-2116 JLS (NLS)<br><br>**ORDER: (1) GRANTING DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY AND U.S. FINANCIAL, L.P.'S REQUESTS FOR JUDICIAL NOTICE; AND (2) GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(ECF Nos. 33, 34, 35) |

      Presently before the Court are Defendants Deutsche Bank National Trust Company ("Deutsche") and U.S. Financial, L.P., Trustee of the 21445 Japatul Rd Trust Dated 1/25/13's (erroneously sued as U.S. Financial, L.P.) ("USF," and, collectively, "Defendants") requests for judicial notice ("RJN") (ECF Nos. 34, 35-2), as well as their motions to dismiss ("MTD") Plaintiff Rachell Lara's ("Plaintiff") first amended complaint ("FAC") (ECF Nos. 33, 35). Also before the Court are Plaintiff's responses in opposition to the MTDs (ECF Nos. 36, 37) and Defendants' replies to Plaintiff's responses in opposition (ECF Nos. 39, 40). The hearings set for the motions on July 18, 2013 were vacated, and the matters taken under submission on the papers without

oral argument pursuant to Civil Local Rule 7.1.d.1. (ECF No. 41.) Having considered the parties' arguments and the law, the Court **GRANTS** Deutsche and USF's RJNs and **GRANTS** Deutsche and USF's MTDs.

# BACKGROUND

This Order incorporates by reference the background as set forth in the Court's November 29, 2012 Order dissolving the temporary restraining order ("TRO") and denying Plaintiff's request for a preliminary injunction ("PI"), and briefly summarizes the most relevant facts here. (ECF No. 17.)

This action concerns the disputed ownership and loan status of the property at 21445 Japatul Valley Road, Alpine, California (the "Property"). Both parties agree that on or about April 19, 2005, George and Wilma Declair executed a loan in the amount of $290,250.00 secured by a Deed of Trust to the Property. (*See* RJN Ex. 1, ECF No. 34-1; FAC Ex. A, ECF No. 27-1.) The Deed of Trust securing the loan identifies American Home Mortgage Acceptance, Inc. ("AHMA") as the lender; Chicago Title as the Trustee; and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary. (*Id.*) On May 2, 2005, the Deed of Trust was recorded as Instrument Number 2005-0363434 in the San Diego County Recorder's Office. (*Id.*) On March 29, 2006, George and Wilma DeClair executed a Quitclaim Deed of the Property in favor of The DeClair Family House Trust, which was subsequently recorded on April 4, 2006. (FAC Ex. B, ECF No. 27-2.)

On December 15, 2009, MERS executed an Assignment of Deed of Trust that was recorded on March 9, 2010, assigning its interest under the Deed of Trust to American Home Mortgage Servicing, Inc. ("AHMS"). (RJN Ex. 2, ECF No. 34-1.) On December 28, 2009, AHMS executed an Assignment of Deed of Trust that was recorded on March 9, 2010, assigning its interest under the Deed of Trust to Deutsche. (*Id.* at Ex. 3.) Subsequently, on December 29, 2009, Chicago Title executed a Substitution of Trustee that was recorded on June 6, 2011, whereby Power Default Services, Inc. ("PDS") became the substitute trustee under the Deed of Trust. (*Id.* at Ex.

4.)

During this time period, George and Wilma DeClair stopped making loan payments. On February 1, 2010, when the loan was $13,345.32 in arrears, T. D. Service Company, as authorized agent for the beneficiary by LSI Title Company as agent, recorded a Notice of Default naming Deutsche as the beneficiary of the Deed of Trust. (RJN Ex. 5, ECF No. 34-1; FAC Ex. H, ECF No. 27-8.)

On January 10, 2011, Plaintiff recorded an Affidavit of Death of Trustee that allegedly transferred title and ownership of the property to her, subject to the existing liens. (FAC ¶ 53, ECF No. 27; *Id.* Ex. I, ECF No. 27-9.) On June 6, 2011, PDS recorded a Notice of Trustee's Sale with a June 29, 2011 sale date. (RJN Ex. 6, ECF No. 34-1.) On September 4, 2012, PDS recorded a second Notice of Trustee's Sale with an October 5, 2012 sale date. (*Id.* at Ex. 7.) This sale was continued and ultimately conducted on January 25, 2013. (FAC ¶ 26, ECF No. 27.) The property was sold to USF. (*Id*. ¶ 29.)

On November 9, 2012, Plaintiff filed an emergency motion for a TRO and an order to show cause why a PI should not issue. (ECF No. 3.) The Court granted the motion for TRO on November 15, 2012. (ECF No. 8.) On November 29, 2012, following a November 19, 2012 hearing, the Court dissolved its November 15, 2012 order granting Plaintiff's TRO and denied Plaintiff's request for a PI. (ECF No. 17.) On May 3, 2013, after seeking leave from this Court, Plaintiff filed her FAC, which added USF as a defendant. (ECF No. 27.) On May 22, 2013, Deutsche brought the instant MTD, and on May 31, 2013, USF filed its own MTD. Each MTD was accompanied by an RJN.

**LEGAL STANDARD**

**I.    Request for Judicial Notice**

"[F]acts subject to judicial notice may be considered on a motion to dismiss." *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987) (citing *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Federal Rule of Evidence 201

provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "Judicially noticed facts often consist of matters of public record." *Botelho v. U.S. Bank, N.A.*, 692 F. Supp. 2d 1174, 1178 (N.D. Cal. 2010) (citations omitted); *see also W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (taking judicial notice of documents contained in public records of county recorder's office). While "a court may take judicial notice of the existence of matters of public record, such as a prior order or decision," it should not, however, take notice of "the truth of the facts cited therein." *Marsh v. Cnty. of San Diego*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006).

## II.     Motion to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

(quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* at 678–79. This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

The pleading standard for claims of fraud is, however, a heightened one. Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state *with particularity* the circumstances constituting fraud or mistake" (emphasis added). Conclusory allegations are insufficient. *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989). Rather, "[t]he plaintiff must include statements regarding the time[,] place and nature of the alleged fraudulent activities, and must specifically identify what was misrepresented or concealed." *Stack v. Lobo*, 903 F. Supp. 1361, 1366 (N.D. Cal. 1995) (citing *Moore*, 885 F.2d at 540).

## ANALYSIS

### I. Judicial Notice

Defendants each submit documents for judicial notice in support of their MTDs. Deutsche requests that the Court take judicial notice of the following documents

recorded in the San Diego County Recorder's Office: (1) Deed of Trust bearing instrument number 2005-0363434, recorded May 2, 2005; (2) Assignment of Deed of Trust bearing instrument number 2010-0113682, recorded March 9, 2010; (3) Assignment of Deed of Trust bearing instrument number 2010-0113683, recorded March 9, 2010; (4) Substitution of Trustee bearing instrument number 2011-0286603, recorded June 6, 2011; (5) Notice of Default bearing instrument number 2010-0050149, recorded February 1, 2010; (6) Notice of Trustee's Sale bearing instrument number 2011-0286604, recorded June 6, 2011; (7) Notice of Trustee's Sale bearing instrument number 2012-0528309, recorded September 4, 2012; and (8) Notice of Pending Action bearing instrument number 2012-0560265, recorded September 17, 2012. Deutsche also requests that this Court take judicial notice of (9) Plaintiff's Voluntary Chapter 7 Bankruptcy Petition, case no. 12-15174-LT7, filed November 14, 2012 with the United States Bankruptcy Court, Southern District; and (10) this Court's November 29, 2012 Order dissolving the TRO and denying Plaintiff's request for a PI.

USF requests that the court take judicial notice of the following documents: (1) Grant Deed of DeClair Property bearing instrument number 2005-0363433, recorded May 2, 2005 in the San Diego County Recorder's Office; (2) Exhibit 1 above; (3) Quitclaim Deed to the DeClair Family House Trust bearing instrument number 2006-0229076, recorded April 4, 2006 in the San Diego County Recorder's Office; (4) Exhibit 2 above; (5) Exhibit 3 above; (6) Exhibit 5 above; (7) Affidavit of Death of Trustee George DeClair bearing instrument number 2011-0017117, recorded January 10, 2011 in the San Diego County Recorder's Office; (8) Affidavit of Death of Trustee Wilma DeClair bearing instrument number 2011-0017118, recorded January 10, 2011 in the San Diego County Recorder's Office; (9) Exhibit 4 above; (10) Exhibit 7 above; (11) Exhibit 10 above; and (12) Trustee's Deed Upon Sale bearing instrument number 2013-0091246, recorded February 11, 2013 in the San Diego County Recorder's Office.

The documents submitted by the Defendants are available to the public and are certified or maintained by an official office. Their accuracy cannot therefore be

reasonably disputed. Accordingly, the Court **GRANTS** Defendants' requests that the Court take judicial notice of each document. However, the Court does not at this time take notice of the truth of the facts cited therein.

## II. Motion to Dismiss

### A. *Validity of the Assignments of Interest*

Plaintiff claims that she has "set forth plausible factual assertions that the note and deed of trust remain the property of the original lender, who is now bankrupt," and that the purported failure to obtain approval for any of the assignments of interest from either the bankruptcy trustee or the bankruptcy court means that such assignments are invalid. (Resp. in Opp'n to MTD 9–10, ECF No. 37.) However, Plaintiff is mistaken.

This Court held in its Order denying Plaintiff's request for a PI that "an Assignment of Deed of Trust did in fact assign all beneficial interest in the Deed of Trust to Deutsche." (Order 5, ECF No. 17.) Plaintiff's FAC does not allege additional facts sufficient to establish otherwise. Plaintiff claims she has set forth "plausible factual assertions," but Plaintiff's allegations are grounded in purportedly fraudulent acts. For example, Plaintiff claims that "as yet unidentified third party agents and employees of the Defendant Deutsche have engaged in a pattern of fraud and deceit in seeking collection of Plaintiff's financial obligation when no such obligation was ever created in favor of Deutsche," and that "the documents recorded by or on behalf of Deutsche were not in any manner authorized or executed by a real party in interest in the Note and Deed of Trust, and are fabrications and forgeries executed by as yet unidentified rogue employees of Defendant Deutsche." (FAC ¶¶ 23, 28, ECF No. 27.) However, Plaintiff not only fails to plead facts with particularity alleging Deutsche's purportedly fraudulent behavior, she fails to provide any evidence of such behavior at all. Accordingly, Plaintiff's claims premised on Defendants' fraudulent behaviors fail.

Moreover, Plaintiff argues that, because neither the bankruptcy trustee nor the bankruptcy court approved MERS's December 15, 2009 assignment of interest, that assignment and all subsequent assignments are invalid. (Resp. in Opp'n to MTD 10,

ECF No. 37.) While it is true that certain transfers of the debtor's assets initiated after a bankruptcy filing *may* be "avoided" by certain interested parties, such a challenge to the legitimacy of a transfer requires an adversary proceeding. Fed. R. Bankr. P. 7001. Furthermore, the initiation of that proceeding is subject to a statute of limitations equaling the earlier of (1) two years after the date of the contested transfer, or (2) the date on which the case is closed or dismissed. 11 U.S.C. § 549. Plaintiff alleges that AHMA's bankruptcy proceedings are still pending. Therefore, the two-year limitations period applies here. The transfers at issue occurred on December 15, 2009 and December 28, 2009. Even assuming that the date these transfers were recorded—March 9, 2010—is the operative date that triggers the statute of limitations, the present lawsuit was not filed until August 27, 2012, more than two years later. Thus, the assignments at issue here were effective. Deutsche legitimately had an interest in the Property, and it could therefore sell the property to USF.

## B.     *Merit of Plaintiff's Claims*

Plaintiff asserts the following nine claims: (1) declaratory relief; (2) negligence; (3) quasi-contract; (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (5) unfair business practices in violation of California Business and Professions Code § 17200 et seq.; (6) accounting; (7) to set aside trustee's sale; (8) cancellation of instruments; and (9) quiet title.[1]  The Court addresses each claim in turn.

### i.     *Claim 1: Declaratory Relief*

Under 28 U.S.C. § 2201(a), "[i]n a case of actual controversy . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article

---

[1] Plaintiff asserts all nine claims against Deutsche. Plaintiff only asserts claims 1, 7, 8, and 9 against USF.

III." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 126 (2007) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). Thus, an actual controversy exists if "'the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* at 127 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Plaintiff suggests that her allegations that Defendants lack legal interests in the Property and Defendants' competing allegations that they do not "establish that a real and actual controversy exists as to the respective rights of the parties in this matter, including ownership of the Property." (FAC ¶ 116, ECF No. 27.) Defendants argue that Plaintiff has not alleged an actual controversy and thus lacks standing to bring her claim. (MTD 21–22, ECF No. 33-1.) The Court agrees with Defendants. Given the above finding that Defendants have a legitimate interest in the Property, Plaintiff does not allege an actual controversy.

Moreover, "[a] federal court may decline to address a declaratory relief claim '[w]here the substantive suit would resolve the issues raised by the declaratory judgment action, . . . because the controversy has "ripened" and the uncertainty and anticipation of litigation are alleviated.'" *Marques v. Fed. Home Loan Mortg. Corp.*, No. 12cv1873-IEG (MDD), 2013 WL 1932920, at *3 (S.D. Cal. May 8, 2013) (quoting *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at *2 (S.D. Cal. Oct. 30, 2008) (quoting *Tempco Elec. Heater Corp. V. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987))). Plaintiff concedes "that given the other causes of action pending . . . declaratory relief may be unnecessary." (Resp. in Opp'n to MTD 15, ECF No. 37.) The Court therefore finds declaratory relief duplicative and unwarranted here. Accordingly, the Court **DISMISSES** Plaintiff's claim for declaratory relief **WITH PREJUDICE**.

*ii.    Claim 2: Negligence*

To bring a claim for negligence, a plaintiff must allege (1) that the defendant

owed the plaintiff a legal duty to use reasonable care, (2) that the defendant breached that duty, and (3) that proximate cause exists between the breach and (4) plaintiff's injury. *Mendoza v. City of L.A.*, 66 Cal. App. 4th 1333, 1339 (1998). Plaintiff alleges that Deutsche is under a "duty to exercise reasonable care and skill to refrain from taking any action against Plaintiff that they do not have the legal authority to do," and that as a direct and proximate cause of Deutsche's negligence, Plaintiff's chain of title is clouded. (FAC ¶¶ 124–26, ECF No. 27.) More specifically, Plaintiff alleges that Deutsche owed Plaintiff a duty of care because banks may be liable in negligence for failing to discharge contractual duties with reasonable care or for giving "substantial assistance to a tortfeasor during a business transaction that it knowingly aided in the commission of the tort." (*Id.* ¶ 123 n.15.) Plaintiff contends that Deutsche either (1) negligently made derogatory credit reports to credit bureaus and failed to keep accurate records of Plaintiff's mortgage payments, credits, and debts; or (2) fraudulently demanded mortgage payments from Plaintiff when it had no right to do so. (*Id.* ¶ 123.) Deutsche claims it owes Plaintiff no duty of care. (MTD 23–24, ECF No. 33-1.) The Court agrees with Deutsche.

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savs. & Loan Ass'n.*, 231 Cal. App. 3d 1089, 1096–97 (1991). "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Id.* at 1096. Here, the most involvement Deutsche potentially had with Plaintiff is that the original lender of Plaintiff's note may have either "sold, assigned, or transferred its interest in the Note and Deed of Trust" to Deutsche, and Deutsche then conducted a trustee's sale of the Property. (FAC ¶ 22, ECF No. 27.) Conducting a trustee's sale or a foreclosure sale on property is absolutely within the domain of the usual money lender. *See Ragland v. U.S. Bank Nat'l Ass'n.*, 209 Cal. App. 4th 182, 207 (2012) (holding that money lender did not exceed domain

of usual money lender when it advised borrower to not make loan payments in order to renegotiate loan, and later foreclosed on borrower's property.).[2] Thus, under this reasoning, Deutsche cannot be held liable for negligence because it owed Plaintiff no duty of care.

Plaintiff, however, suggests that Deutsche can alternatively be held liable in negligence for knowingly rendering substantial assistance to a tortfeasor in aiding and abetting a tort. *See Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 741 (2010). But, this argument is also without merit because Plaintiff does not state what tort Deutsche aided and abetted, nor the identity of the purported tortfeasor. Rather, Plaintiff seems to suggests that Deutsche is the primary tortfeasor, and that Deutsche fraudulently had the Property's Note and Deed of Trust assigned to itself in order to sell the Property without the right to do so. (FAC ¶ 23, n.6, ECF No. 27.) Thus, this theory of negligence is also unavailing, and Plaintiff's claim for negligence is **DISMISSED**.

iii.    *Claim 3: Quasi Contract*

Plaintiff asserts a claim for quasi contract against Deutsche on the basis that Deutsche has been unjustly enriched by collecting monthly payments on Plaintiff's note and conducting a trustee's sale of the Property when Deutsche allegedly held no actual interest in the Property. (FAC ¶ 133, ECF No. 27.) This claim, however, fails. To start, the Court has determined that Deutsche *did* have a legal interest in the Property. Moreover, "a claim for quasi-contract is synonymous with one for unjust enrichment." *Armstrong v. Chevy Chase Bank, FSB*, No. 5:11-cv-05664, 2012 WL 4747165, at * 5 (N.D. Cal. Oct. 3, 2012) (citing *FDIC v. Dintino*, 167 Cal. App. 4th 333, 346 (2008)).

---

[2]Plaintiff argues that, because Deutsche did not loan the money and Plaintiff did not borrow the money, the authorities to which Deutsche cites are inapposite. Ironically, Plaintiff offers no support for this proposition. Plaintiff, however, is mistaken. Under this factual scenario, Deutsche is entitled to be treated as a "lender." *See, e.g.*, *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051 (E.D. Cal. 2010) (applying this standard to a successor trustee); *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191 (E.D. Cal. 2009) (applying this standard to a loan servicer); *Marques*, 2013 WL 1932920 (applying this standard to a successor beneficiary). Moreover, Plaintiff, despite not being the "borrower" per se, has admitted that she is the "successor in interest to the property that is encumbered by the lien." (Resp. in Opp'n to MTD 16, ECF No. 36.) Accordingly, she is akin to the "borrower" here.

However, "unjust enrichment is not an independent cause of action under California law," because it "does not describe a theory of recovery, but an effect." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1193–94 (C.D. Cal. 2010). Accordingly, Plaintiff's claim for quasi contract is **DISMISSED WITH PREJUDICE**.

*iv.     Claim 4: Fair Debt Collection Practices Act, 15 U.S.C. § 1692*

Plaintiff alleges that Deutsche violated the Fair Debt Collection Practices Act ("FDCPA") by falsely representing the status of Plaintiff's debt, falsely implying that the debt was owed to Deutsche, threatening to take illegal actions against Plaintiff, selling the Property to Defendant USF, and attempting to collect on the promissory note under false pretenses. (FAC ¶ 138, ECF No. 27.) Deutsche, on the other hand, argues that Plaintiff fails to establish that Deutsche is subject to the FDCPA. (MTD 25–26, ECF No. 33-1.) The Court agrees with Deutsche.

The FDCPA governs debt collection practices and applies only to "debt collectors." 15 U.S.C. § 1692(e). For purposes of the FDCPA, a "debt collector" is any person "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* at § 1692(a)(6). The FDCPA explicitly exempts from the definition of "debt collector" "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id.* at § 1692(a)(6)(A). Because the Court has found that Deutsche has a valid legal interest in the deed of trust, Deutsche falls within the § 1692(a)(6)(A) exemption to the definition of "debt collector," and Plaintiff's claims against Deutsche must fail.

Moreover, the FDCPA "only applies to consumer debts or transactions. Residential mortgage loans fall outside of this definition." *Fuentes v. Deutsche Bank*, No. 09 CV 502 JM (PCL), 2009 WL 1971610, at *3 (S.D. Cal. July 8, 2009) (citing *Kafele v. Frank & Wooldridge Co.*, 108 Fed. Appx. 307, 2004 WL 1859358 (6th Cir.

2004); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D.Or. 2002)). The FDCPA, therefore, does not apply to the facts of this case, because "the act of foreclosing on a residential loan [is] outside the definition of debt collection." *Id.* Accordingly, Plaintiff's FDCPA claim is **DISMISSED WITH PREJUDICE**.

*v.     Claim 5: California Business and Professions Code § 17200*

California's Unfair Competition Law ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff alleges that Deutsche violated the UCL by extorting Plaintiff in violation of 18 U.S.C. § 1951(b)(2), committing mortgage fraud in violation of California Penal Code § 532f(a)(4), and failing to fulfill the duty of a loan servicer to respond to borrower inquiries in violation of 12 U.S.C. § 2605(e). (FAC ¶¶ 111–13, ECF No. 27.) Deutsche contends that Plaintiff does not allege conduct that qualifies as unlawful, unfair, or fraudulent under the UCL (MTD 27, ECF No. 33-1), and the Court agrees.

"To state a claim under the UCL, a plaintiff must plead that: (1) defendant engaged in one of the practices prohibited by the statute; and (2) plaintiff suffered actual injury in fact as a result of the defendant's actions." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1003 (N.D. Cal. 2009) (citing *Laster v. T-Mobile USA, Inc.*, 407 F. Supp 2d 1181, 1194 (S.D. Cal. 2005)).

First, 18 U.S.C. § 1951(a) states that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do" is subject to various penalties. Extortion is "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). The Court has found that Deutsche had a legal right in the Property, and thus Deutsche could not have extorted the Property from Plaintiff. Plaintiff also alleges, however, that Deutsche "demand[ed] and accept[ed] payments for debts that were nonexistent." (FAC ¶ 116, ECF No. 27.) More specifically, "Defendants failed to properly credit payments made, incorrectly calculated interest on

the accounts, and failed to accurately debit fees," and Deutsche knew that its accounts were inaccurate and that Plaintiff would continue to make mortgage payments based on those inaccuracies. (*Id.* ¶¶ 96–97.) Yet Plaintiff pleads no facts suggesting that Deutsche used force, violence, fear, or the auspices of public office to obtain these allegedly wrongful payments. Accordingly, Plaintiff has not pleaded a violation of 18 U.S.C. § 1951.

Second, California Penal Code § 532f(a)(4) states that "[a] person commits mortgage fraud if, with the intent to defraud, the person . . . [f]iles or causes to be filed with the recorder of any county in connection with a mortgage loan transaction any document the person knows to contain a deliberate misstatement, misrepresentation, or omission." Plaintiff contends that Defendant recorded "false and misleading documents" "without the legal authority to do so." (FAC ¶ 116, ECF No. 27.) However, the Court has determined that Deutsche has a legitimate interest in the Property, and therefore the Assignment of Deed of Trust Deutsche recorded in 2010 does not violate this provision. (MTD 18, ECF No. 33-1.) Nor has Plaintiff pleaded any irregularities in the other documents that Deutsche recorded in connection with the foreclosure. Accordingly, Plaintiff has not pleaded a violation of Cal. Penal Code § 532f(a)(4).

Lastly, 12 U.S.C. § 2605(e)(1)(A) provides that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days." Within 30 days of receipt of such qualified written request, the borrower must investigate, make any corrections to the account, and provide the borrower with a written explanation. *Id.* § 2605(e)(2). A qualified written request is

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that includes, or otherwise enables the servicer to identify, the name and account of the borrower; and includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought.

*Id.* § 2605(e)(1)(B). While Plaintiff alleges that she "has repeatedly requested that Deutsche, through its agents, to verify [sic] the validity of her debt" (FAC ¶ 68, ECF No. 27), Plaintiff does not plead any facts establishing that these requests were qualified written requests within the purview of the statute. Thus, Plaintiff has not pleaded a violation of 12 U.S.C. § 2605(e). Accordingly, Plaintiff has not sufficiently pleaded the elements of a UCL claim, and therefore the claim must be **DISMISSED**.

*vi.    Claim 6: Accounting*

Plaintiff seeks "an accounting of the receipts and disbursements" of mortgage payments Plaintiff has made to Deutsche. (FAC ¶ 128, ECF No. 27.) In California, an accounting is an equitable remedy. *Batt v. City & Cnty. of S.F.*, 155 Cal. App. 4th 65, 82 (2007). "[A] cause of action for accounting need only state facts showing the existence of the relationship which requires an accounting and the statement that some balance is due the plaintiff." *Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 7 (1950). This balance must not be for a sum certain or an easily calculable amount. *See Kinley v. Thelen*, 158 Cal. 175, 182–83 (1910); *St. James Church of Christ Holiness v. Superior Court*, 135 Cal. App. 2d 352, 359 (1955).

Deutsche moves to dismiss Plaintiff's claim for an accounting on the grounds that it lacks a fiduciary relationship with Plaintiff. (MTD 28, ECF No. 33-1.) "However, a fiduciary relationship between the parties is not required to state a cause of action for accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009) (citation omitted). Rather, "[t]he right to an accounting can arise from the possession by the defendant of money or property which, because of the defendant's relationship with the plaintiff, the defendant is obliged to surrender." *Id.* at 179–80 (citation omitted). Deutsche is under no obligation to surrender the Property or the proceeds from the sale thereof, since the Court has found that Deutsche has a valid legal interest in the Property. However, Plaintiff also alleges that "Defendants failed to properly credit payments made, incorrectly calculated interest on the accounts, and failed to accurately debit fees." (FAC ¶ 96, ECF No. 27.) This suggests Deutsche may have possession of

money properly belonging to Plaintiff. Moreover, these facts are "peculiarly within the knowledge of the opposing party," and therefore Plaintiff need not make more detailed allegations. *Teselle*, 173 Cal. App. 4th at 179 (citation omitted).

However, Deutsche also asserts that Plaintiff's request for a legal accounting is not tethered to any relevant, actionable claims. (MTD 28, ECF No. 33-1.) "A request for legal accounting must be tethered to relevant actionable claims." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (2009). The Court, however, has found that Plaintiff has failed to state a claim upon which relief may be granted with regards to her other claims. Accordingly, Plaintiff's request for a legal accounting is not tethered to any other claims and must be **DISMISSED**.

*vii.  Claim 7: Set Aside Trustee's Sale*

Plaintiff asks that the Court issue an order to set aside the sale of the Property to USF. (FAC ¶ 132, ECF No. 27.) The comprehensive statutory scheme regulating nonjudicial foreclosure sales exists for three purposes: "(1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser." *Melendrez v. D & I Inv., Inc.*, 127 Cal. App. 4th 1238, 1249 (2005) (citations and internal quotation marks omitted). This comprehensive statutory framework "is intended to be exhaustive." *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal. App. 4th 807, 827 (2003) (citations omitted). Accordingly, courts are generally hesitant to interfere in a nonjudicial foreclosure sale:

> Case law instructs that the elements of an equitable cause of action to set aside a foreclosure sale are: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgager) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

*Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011) (citations omitted). Regarding the first element, "there must be evidence of a failure to comply with the procedural

1 requirements for the foreclosure sale that caused prejudice to the person attacking the
2 sale." *Angell v. Superior Court*, 73 Cal. App. 4th 691, 700 (1999).

3 Defendants contend that Plaintiff has not alleged any facts justifying a set aside.
4 (MTD 20, ECF No. 33-1; MTD 8, ECF No. 35-1.) Deutsche further contends that there
5 were no procedural failings at the foreclosure sale and that Plaintiff has shown no facts
6 that she was prejudiced by any such procedural failings. (MTD 20, ECF No. 33-1.)
7 Deutsche also argues that there is a rebuttable presumption that a foreclosure sale has
8 been conducted regularly and fairly and that the issuance of a Trustee's Deed Upon Sale
9 is evidence that the trustee's sale was conducted properly. (*Id*. at 21.)

10 The Court agrees with Defendants that Plaintiff has alleged no facts showing
11 procedural deficiencies with the trustee's sale. Plaintiff's claims for procedural
12 irregularity rest on her allegations that Deutsche has no legal right to the Property, but
13 the Court has found otherwise. In addition, Plaintiff's FAC concedes that in conducting
14 the trustee's sale, Deutsche recorded a Notice of Default on February 1, 2010, a Notice
15 of Trustee's Sale on June 6, 2011, and a second Notice of Trustee's Sale on August 31,
16 2012. (FAC ¶¶ 50, 54, 57, ECF No. 27.) But Plaintiff does not allege any irregularities
17 in these documents or at the foreclosure proceedings. Accordingly, her claim must fail.

18 Moreover, the Court agrees with Deutsche that Plaintiff has not alleged facts
19 rebutting the presumption of fairness created by the Trustee's Deed. (MTD 30, ECF
20 No. 33-1.) "Under section 2924, there is a conclusive presumption created in favor of
21 a BFP who receives a trustee's deed that contains a recital that the trustee has fulfilled
22 its statutory notice requirements." *Id*. at 1250. Thus, "once a deed reciting that all legal
23 requirements have been satisfied has been transferred to a buyer at a foreclosure sale,
24 the sale can be successfully attacked on the grounds of procedural irregularity *only if*
25 the buyer is not a bona fide purchaser." *Royal Thrift & Loan Co. v. Cnty. Escrow, Inc.*,
26 123 Cal. App. 4th 24, 32 (2004). The Trustee's Deed Upon Sale includes the following
27 language belying procedural irregularities: "Trustee complied with all applicable
28 statutory provisions of California Civil Code Sections 2924 et seq. and of the described

1 Deed of Trust including the mailing, publication, personal delivery, and posting of the
2 Notice of Default and Notice of Sale, as respectively appropriate." (RJN Ex. 11, ECF
3 No. 35-2.) Further, Plaintiff has not alleged that USF is not a bona fide purchaser.
4 Accordingly, Plaintiff's claim requesting that the Court set aside the trustee's sale is
5 **DISMISSED**.

*viii. Claim 8: Cancellation of Instruments*

"A written instrument, in respect to which there is a reasonable apprehension that if left outstanding may cause serious injury to a person against whom it is void or voidable, may, upon application, be so adjudged and ordered to be delivered up or canceled." *Kelle v. Clouser*, 101 Cal. App. 500, 502 (1929). "Section 3412 of the Civil Code permits an action to cancel an instrument which is void or voidable and the statement of the facts constituting a deed's invalidity constitute a sufficient allegation of the cause of action thereunder." *Zakaessian v. Zakaessian*, 70 Cal. App. 2d 721, 725 (1945). A plaintiff must plead "the facts constituting the invalidity of the instrument, whether they involve fraud, duress, accident, or mistake.'" *Kelle*, 101 Cal. App. at 502.

Plaintiff alleges that all documents Defendants hold purporting to give them any interest in the Property are invalid. (FAC ¶ 138, ECF No. 27.) Accordingly, Plaintiff seeks an order from the Court directing Defendants to deliver the contested documents to the Clerk for cancellation. (*Id.* ¶ 140.) Defendants move to dismiss Plaintiff's request for cancellation of instruments based on the contention that Plaintiff has not alleged sufficient facts showing the invalidity of the instruments. (MTD 31–32, ECF No. 33-1; MTD 8, ECF No. 35-1.) The Court agrees with Defendants. Plaintiff's allegations that the instruments are invalid rests on Plaintiff's contention that Deutsche never had a legal interest in the Property. (FAC ¶ 138, ECF No. 27.) The Court, however, has already demonstrated that Plaintiff has failed to plead facts sufficient to support this allegation.

Elsewhere in the FAC, Plaintiff alleges that Deutsche's interest in the Property (and, by extension, USF's interest as the buyer) is invalid because it was never

acknowledge or recorded, which constitutes a violation of Civil Code § 2932.5. (*Id.* ¶ 130.) However, "[i]t has been established since 1908 that this statutory requirement than an assignment of the beneficial interest in a debt secured by real property must be recorded in order for the assignee to exercise the power of sale applies only to a mortgage *and not to a deed of trust.*" *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118, 122 (2011) (emphasis added). Deutsche acquired its interest in the Property via a Deed of Trust, and therefore that assignment need not be recorded. Moreover, Deutsche did record this instrument. (*See* RJN Ex. 3, ECF No. 34-1.) As such, Plaintiff cannot meet the pleading requirements for alleging invalidity of the instruments, and her claim for cancellation of instruments must be **DISMISSED WITH PREJUDICE**.

*ix.     Claim 9: Quiet Title*

Section 760.020 of the California Code of Civil Procedure permits a party to bring an action "to establish title against adverse claims to real or personal property or any interest therein." Such an action to quiet title requires a showing of five elements, set forth in a verified complaint: (1) a description of the property; (2) the title as to which a determination is sought and the basis of that title; (3) the adverse claims against which a determination is sought; (4) the date as of which the determination is sought and, if that date is other than the date on which the complaint was filed, why; and (5) a prayer for the determination of the title against the adverse claims. Cal. Civ. Proc. Code § 761.020. Moreover, California law holds that a mortgagor cannot quiet title without discharging his debt. *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974). "The cloud upon his title persists until the debt is *paid.*" *Id*. (emphasis added) (citing *Burns v. Hiatt*, 149 Cal. 617, 620 (1906)); *see also Shimpones v. Stickney*, 219 Cal. 637, 649 (1934).

Plaintiff seeks to quiet title to the Property and to have the Court declare that Deutsche and USF have no interest in the Property. (FAC ¶ 147, ECF No. 27.) USF argues that Plaintiff's claim fails because she fails to plead the five required elements. (MTD 10, ECF No. 35-1.) Defendants further move to dismiss Plaintiff's claim to quiet

1 | title because Plaintiff has not paid the debt she owes on the Property. (MTD 31–32, ECF No. 33-1; MTD 9, ECF No. 35-1.) The Court agrees with Defendants.

Plaintiff's claim is premised upon her allegation that Deutsche is a "false creditor." (Resp. in Opp'n to MTD 22, ECF No. 36.) However, the Court has already determined that Deutsche had a valid claim to the Property. Accordingly, Plaintiff does not sufficiently allege the basis for her title under Cal. Civ. Proc. Code § 761.020. Accordingly, Plaintiff's claim to quiet title is **DISMISSED**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' requests for judicial notice in their entirety. The Court also **GRANTS** Defendants' motions to dismiss Plaintiff's claims. Claims 1, 3, and 4 are **DISMISSED WITH PREJUDICE**, as the Court finds that granting leave to amend these claims would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Claims 2, 5, 6, 7, 8, and 9 are **DISMISSED WITHOUT PREJUDICE**.

If Plaintiff wishes, she **SHALL FILE** an amended complaint within fourteen days of the date on which this Order is electronically docketed. Failure to file an amended complaint by this date may result in dismissal of this case with prejudice.

**IT IS SO ORDERED**.

DATED: November 19, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge